# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **G.C. and C.C. two minors,** <br> **by and through their parent,** <br> **Samantha Dolen-Cartwright,** <br> **Plaintiffs,** | * <br><br> * | CIVIL ACTION NO. **3:21-cv-00527** <br><br> JUDGE JOHN W. DEGRAVELLES |
| | * <br> * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| VERSUS | | |
| | * | |
| ASCENSION PARISH SCHOOL BOARD; ASCENSION PARISH SCHOOLS; DAVID ALEXANDER, in his individual capacity and in his official capacity as Superintendent of the Ascension Parish School Board; and ROBYN PENN DELANEY (District 1), DAVID S. DUPLECHEIN (District 2), JULIE B. BLOUIN (District 3), MARTY J. BOURGEOIS (District 4 Seat A), JOHN D. MURPHY (District 4 Seat B), JOHN DEFRANCES (District 5 Seat A), TAFT C. KLEINPETER (District 5 Seat B Board President), JARED BERCEGEAY (District 6 Seat A), LOUIS LAMBERT (District 6 Seat B), TROY J. GAUTREAU SR. (District 7 Seat A Board Vice President), PATRICIA RUSSO (District 7 Seat B), JILL I GAUTREAU, RN (School Nurse Coordinator Ascension Parish School Board) all in their individual capacities and in their capacities as members of the Ascension Parish School Board of Education, CARLI A. FRANCOIS in her individual capacity and in her official capacity as Principal of Dutchtown High School; et. al. | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br> * | |

## DEFENDANTS' MOTIONS TO DISMISS, MOTION TO STRIKE, AND MOTION FOR ATTORNEY'S FEES

NOW INTO COURT, through undersigned counsel, come Defendants, the ASCENSION PARISH SCHOOL BOARD ("APSB"), DAVID ALEXANDER, in his individual capacity and in his official capacity as Superintendent of the Ascension Parish School Board; and ROBYN PENN DELANEY (District 1), DAVID S. DUPLECHEIN (District 2), JULIE B. BLOUIN (District 3),

1

MARTY J. BOURGEOIS (District 4 Seat A), JOHN D. MURPHY (District 4 Seat B), JOHN DEFRANCES (District 5 Seat A), TAFT C. KLEINPETER (District 5 Seat B Board President), JARED BERCEGEAY (District 6 Seat A), LOUIS LAMBERT (District 6 Seat B), TROY J. GAUTREAU SR. (District 7 Seat A Board Vice President), PATRICIA RUSSO (District 7 Seat B), all in their individual capacities and in their capacities as members of the Ascension Parish School Board, and CARLI A. FRANCOIS in her individual capacity and in her official capacity as Principal of Dutchtown High School, and in response to the Complaint filed by Plaintiffs, G.C. and C.C., two minors, by and through their parent, Samantha Dolen-Cartwright ("Plaintiffs"), respectfully submit the following motions:

1. **MOTION TO DISMISS FOR LACK OF PROCEDURAL CAPACITY**

In accordance with the Federal Rules of Civil Procedure Rule 17(b)(3), the defendants move the Court for a judgment dismissing the Complaint on the grounds that Plaintiff, Samantha Dolan-Cartwright ("SDC") lacks procedural capacity to sue on behalf of GC and C.C., her minor children. *Chatman v. Miss. High Sch. Athletics Ass'n*, 552 F. App'x 335, 337 (5th Cir. 2014) and *Aduddle v. Body*, 277 F. App'x. 459, 462 (5th Cir. 2008); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005)) ("[A] pro se, non-lawyer parent or guardian may not represent the interests of her minor child."). G.C. and C.C. lack capacity to sue on their own behalf under applicable Louisiana law. La. C.C. Proc. Art. 681.

2. **MOTION TO DISMISS FOR LACK OF STANDING**

In accordance with the Federal Rules of Civil Procedure Rule 12(b)(1), Defendants move for dismissal because Plaintiffs lack standing to maintain this suit against Defendants and, therefore, the Court lacks subject matter jurisdiction. Plaintiffs bear the burden to plausibly allege a federal controversy and, having failed to do so, the district court lacks subject-matter jurisdiction

2

to decide their claims. U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Glen v. Am. Airlines, Inc.*, No. 20-10903 (5th Cir. 8/02/2021). Cases considering these substantially similar COVID pandemic claims as to deprivation of constitutionally protected rights as a result of mask mandates have held that such mandates or implementation policies do not violate any right guaranteed by federal law. *Cangelosi v. Edwards*, No. CV 20-1991, 2020 WL 6449111, at *5 (E.D. La. Nov. 3, 2020); *Miranda v. Alexander*, Civil Action No. 21-535-JWD-EWD (M.D. La. 9/24/2021) and, with respect to any substantive due process argument, there is no fundamental constitutional right to not wear a mask. *Cangelosi v. Sheng*, 2020 WL 5960682, at *2-3 (E.D. La. Oct. 8, 2020). Plaintiffs also lack standing because the Complaint fails to establish that they suffered an injury in fact, as opposed to the speculative and hypothetical possibility of health risks, and/or any other justiciable harm caused by Defendants' challenged conduct.

**3. ELEVENTH AMENDMENT IMMUNITY BARS JURISDICTION**

Defendants also assert that the Complaint must be dismissed Pursuant to Rule 12(c), as the Court lacks jurisdiction pursuant to the Eleventh Amendment of the U.S. Constitution. U.S. CONST. AMEND. 11; *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 743 (5th Cir. 1986) (*citing Pennhurst State Sch. and Hosp. v. Halderman*, 104 S.Ct. 900, 908 (1984)). This immunity applies to all suits against state entities, including agencies and departments of state government. *Sims v. Louisiana*, Civil Action No. 15-cv-2466 (W.D. La. 10/19/2015). Louisiana has not waived sovereign immunity. La. Const. Art. XII, Section 10, La. Rev. State Ann. Section 13:5106, *Mathi v. Board of Supervisors of Louisiana State University*, 959 F Sup. 2d 951 (E.D. La.), *affirmed by Mathi v. Board of Supervisors of Louisiana State University, et al* (U.S. App. Lexis 25768 (5th

Cir. La., 12/2013)); La. R.S. 13:5106(A)) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.")

Plaintiffs do not state a plausible claim for declaratory and injunctive relief because they have demonstrated no irreparable harm, and rescission of the mask mandate renders the claims moot, and the children were withdrawn from the school. *Miranda v. Alexander*, Civil Action No. 21-535-JWD-EWD (M.D. La. 9/24/2021). Once the matter becomes moot, a case or controversy no longer exists, and the court lacks jurisdiction. *See Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004)*; Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999); *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

### 4. FAILURE TO STATE A CLAIM FOR RELIEF

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state any claim that would entitle Plaintiffs to relief. *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*quoting Twombly*, 550 U.S. at 555)). Further, Defendants assert that Plaintiffs cannot assert any legally cognizable claim. because the Louisiana Legislature enacted La. R.S. 17:439.1, which expressly provides statutory immunity from claims or causes of action related to the COVID-19 public health emergency. *Anthony v. Sch. Bd. of Iberia Parish*, 692 F. Supp.2d 612 (W.D. La. 2010); see also, La. R.S. 17:439(A). In light of these Constitutional and statutory immunity provisions, the court lacks subject matter jurisdiction because the Complaint fails to state any plausible federal or pendent state claim, warranting dismissal. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,

4

143 F.3d 1006, 1010 (5th Cir. 1998); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570)).

### 5. MOTION TO STRIKE EXHIBIT

Defendants move to strike the improper "affidavit" and attachments identified as Exhibit "O" by Plaintiffs, in globo, and as referenced in the Complaint [Doc. 5, ¶77, pp. 26-32], as this is not "proper" evidence to support the allegations of the Complaint. The Affidavit is vague, conclusory, not based upon personal knowledge, and is incomplete. 28 U.S.C. § 1746; *Miranda v. Alexander*, Civil Action No. 21-535-JWD-EWD (M.D. La. 9/24/2021)(denying TRO), citing *J.P. Morgan Sec. LLC v. Manne*, No. 16-818, 2016 WL 7223358, at *2 (M.D. La. Dec. 12, 2016) (deGravelles, J.); *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993); Fed. R. Evid. 401, 403, 802, 1002.

### 6. MOTION TO DISMISS FOR IMPROPER SERVICE

In accordance with Rule 12(b)(5) and Rule 4(m), Defendants APSB, "Ascension Parish Schools," Becky Amedee, Mia Edwards, and Jill Gautreau, move for dismissal based on insufficient service of process. Rule 4 governs service of process in federal court. Under Federal Rule of Civil Procedure 4(e), service on an individual who has not waived service is perfected in one of the following ways:

> (1) [by] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) [by] doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 12(b)(5), a defendant may seek dismissal of a plaintiff's claims based on insufficient service of process. *Goodwin v. Hous. Auth. of New Orleans*, Civil Action No. 11-1397, p. 28 (E.D. La. Jul7 25, 2013), citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). The record in this case does not demonstrate that a summons was properly served on the following entities cited in the caption and/or named in the Complaint: Jill Gautreau, Becky Amadee, Mia Edwards, APSB, or "Ascension Parish Schools," under Rule 4(e).[1] Plaintiffs' did not comply with Rule 4(e), and service was never perfected on them, timely or otherwise, and they should be dismissed. *Goodwin v. Hous. Auth. of New Orleans* (E.D. La. 2013). Strict compliance with the service requirements contained in Rule 4 is mandatory; absent proper service, the Court lacks personal jurisdiction over these entities. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999); *see also Philipp Bros. (Cocoa), Inc. v. M/V Ocea*, 144 F.R.D. 312, 314 (E.D. Va. 1992).

### 7. REQUEST FOR COSTS AND ATTORNEY'S FEES

In accordance with the provisions of 42 U.S.C. § 1988(b), the APSB Defendants submit that the Complaint seeking to enforce claims pursuant to 42 U.S.C. § 1983 is completely lacking in factual or legal foundation and should be dismissed at Plaintiffs' cost. As the prevailing "party," Defendants herein are entitled to an award of reasonable attorney's fees as part of their costs. 42 U.S.C. § 1988(b); *Fox v. Vice*, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011).

---

[1] The record reflects that Plaintiffs have requested a summons for "Becky Amedee" and "Mia Edwards." [Docs. 17, 17-1] Plaintiffs did list in their caption and Complaint the APSB and "Ascension Parish Schools" as defendants, but the record reflects that there has been no timely request for issuance of a summons for either. Dismissal as to all four entities is proper in accordance with Rules 4 and 12(b)(5) for insufficient service of process and/or based on the court's lack of personal jurisdiction. Any entity not served but presumed to be appearing herein as a result of this Rule 12(b)(5) motion made by the appearing Defendants seeking dismissal for lack of service and declination of personal jurisdiction is subject to and without waiving any other defenses reserved to these four entities in the event Plaintiffs establish personal jurisdiction.

8. Defendants submit that amendment/further amendment cannot cure the jurisdictional defects and that the matter should be dismissed, with prejudice.

WHEREFORE, Defendants respectfully pray that the Motions be granted, that the improper Exhibit "O" by Plaintiffs, in globo, and as referenced in the Complaint [Doc. 5, ¶77, pp. 26-32], be struck from the pleadings and record in this matter, and for entry of an order dismissing the Complaint on behalf of Plaintiffs, G.C. and C.C., two minors, by and through their parent, Samantha Dolen-Cartwright, with prejudice, and at Plaintiffs' cost, together with an award of Defendants' reasonable attorney's fees, and for all other general and equitable relief as prayed for herein.

Respectfully Submitted by:

**DIANA L. TONAGEL, #21094**
**MARK D. BOYER, # 26209**
BOYER, HEBERT, CARUSO & ANGELLE, LLC
1280 Del Este Avenue
Denham Springs, Louisiana 70726
Telephone: (225) 664-4335
Email: dtonagel@bhcalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2021, I electronically filed copy of the foregoing Motion to Dismiss and Motion to Strike, Memorandum in Support, and Exhibits with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all known counsel of record and unrepresented parties, a copy of which was also served by counsel on Samantha Dolen-Cartwright, via email, this date.

**DIANA L. TONAGEL**

7

8